UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TODD SCHARRER,

        Plaintiff,

v.                                               Case No. 19-cv-1565-pp

C.R. BARD, INC.,
and BARD PERIPHERAL VASCULAR, INC.,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S ATTORNEY'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL (DKT. NO. 19)**

---

**I.    Background**

On May 31, 2019, the plaintiff sued the defendants in the United States District Court for the District of Arizona. Dkt. No. 1. On October 25, 2019, the District of Arizona transferred the case to the Eastern District of Wisconsin. Dkt. No. 4. This court ordered the parties to file a Rule 26 discovery plan by November 18, 2019. Dkt. No. 6. On November 18, 2019, the parties filed a joint Rule 26(f) plan. Dkt. No. 14. The court issued a scheduling order on July 9, 2020. Dkt. No. 15.

On December 21, 2020, the defendants filed a motion to compel discovery. Dkt. No. 16. Counsel for the plaintiff responded one week later. Dkt. No. 17. Counsel reserved objection to the defendants' motion to compel and stated that they had attempted to contact the plaintiff repeatedly over the previous few months, with no success. Id. at 1. Counsel requested an

1

additional thirty days to provide the discovery requested by the defendants. Id. at 2. They indicated that they planned to try to "reestablish communication" with the plaintiff during that time. Id. On January 20, 2021, the court granted the defendants' motion to compel and ordered the plaintiff to produce discovery in time for the defendants to receive it by the end of the day on February 19, 2021. Dkt. No. 18.

## II. Motion to Withdraw (Dkt. No. 19)

On February 9, 2021, the plaintiff's attorneys requested that the court allow them to withdraw as counsel of record. Dkt. No. 19. Attorneys Ben C. Martin, Laura J. Baughman, Thomas Arbon, Jason Joy and John Dalimonte indicate that they have terminated the attorney-client relationship with the plaintiff. Id. at 1. They state that they remain unable to reach the plaintiff to obtain the information necessary to respond to the defendants' discovery request and contend that they cannot continue to represent the plaintiff if they can't communicate with him. Id.

On February 11, 2021, the defendants responded to the motion to withdraw. Dkt. No. 20. The defendants expressed concern that the plaintiff's lawyers have not stated whether they attempted to give the plaintiff advance notice of their intent to withdraw. Id. at 1. Under General Local Rule 83(d)(1), attorneys in the Eastern District of Wisconsin are subject to the Wisconsin Rules of Professional Conduct for Attorneys. Wisconsin Rule SCR 20:1.16(b)(5) provides that "a lawyer may withdraw from representing a client if: . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the

lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." The Wisconsin Court of Appeals has emphasized that attorneys must provide "advance notice of a petition to withdraw as counsel of record," as part of an attorney's responsibility to "keep the client reasonably informed about the status of the matter" under Wis. SCR 20:1.4(a)(3). State v. Batista, 171 Wis.2d 690, 703 (Ct. App. Wis. 1992), *overruled on other grounds by* State v. Cummings, 199 Wis.2d 721, 749 n.12 (Wis. 1996). The defendants requested that plaintiff's counsel certify in their reply brief that they notified the plaintiff of their intent to withdraw. Dkt. No. 20 at 3. The plaintiff's counsel did not file a reply brief

The court appreciates defense counsel's concerns, but the reason the plaintiff's lawyers are asking to withdraw is because he hasn't responded to them. In December, counsel told the court that the plaintiff had not responded to them in months, despite their receiving confirmation that their written communication to him had been delivered. Dkt. No. 17 at 1-2. The plaintiff's attorneys included in their motion a certificate of service attesting that on February 9, 2021, they served a copy of the motion to withdraw on the plaintiff by first class mail. Dkt. No. 19 at 3. That was almost a month ago. The court concludes that plaintiff's counsel have *tried* to give the plaintiff notice of their intent to withdraw.

Understanding their obligations to the plaintiff, plaintiff's counsel have asked the court to give the plaintiff at least sixty days to retain successor counsel. Dkt. No. 19 at 2. The court will suspend the deadlines in the

3

scheduling order to give the plaintiff that time, but it notes that it will send this order to the address provided by the plaintiff's counsel—the same address where counsel have attempted to contact the plaintiff without success.

## III. Conclusion

The court **GRANTS** the motion of Ben C. Martin, Laura J. Baughman and Thomas Wm. Arbon (all of Martin Baughman, PLLC), Jason Joy (of Jason J. Joy & Associates PLLC) and John A. Dalimonte (of Dalimonte Rueb Stoller, LLP) to withdraw as counsel for the plaintiff. Dkt. No. 19.

The court **ORDERS** that Attorneys Martin, Baughman, Arbon, Joy and Dalimonte are relieved of all obligations to represent the plaintiff, other than their ethical obligation to cooperate with successor counsel in turning over any files belonging to the plaintiff.

The court **ORDERS** that the remaining deadlines described in the July 9, 2020 scheduling order—completion of discovery by March 26, 2021; disclosure of the plaintiff's expert witnesses by April 15, 2021; disclosure of the defendant's case-specific expert reports by May 14, 2021; the plaintiff's disclosure of any rebuttal experts by May 31, 2021; conclusion of the defense deposition of the plaintiff's experts on their case-specific reports by June 29, 2021; conclusion of the plaintiff's depositions of the defendants' experts on their case-specific reports by July 19, 2021; and dispositive motions by August 18, 2021—are **EXTENDED** by **ninety days.**

The court **ORDERS** that by the end of the day on **May 28, 2021**, the plaintiff must either notify the court of the identity of his new counsel or notify

4

the court that he intends to represent himself. If neither of those events occurs by the end of the day on May 28, 2021, the defendant may take whatever action it deems appropriate, including filing a motion under Fed. R. Civ. P. 41(b) or Civil L.R. 41.

The court **ORDERS** that until the plaintiff's new lawyer files a notice of appearance, the defendants must send all future pleadings, motions, discovery and other communications concerning the case to Todd Scharrer, 352 Wisconsin Ave., Apt. 9, Waukesha, WI 53186.

The court **DIRECTS** the Clerk of Court to update the docket to show the plaintiff's contact information as 352 Wisconsin Ave., Apt. 9, Waukesha, WI 53186.

The court advises the plaintiff that proceeding without a lawyer is difficult under any circumstances but is especially difficult in a sophisticated product liability case such as this one. Parties who represent themselves are responsible for complying with the Federal Rules of Civil Procedure, the Federal Rules of Evidence and this court's local rules. Parties who represent themselves are responsible for following court-ordered deadlines and for complying with court orders. If a self-represented party does not follow the rules or meet deadlines, the defendant may ask the court to dismiss the lawsuit.

Dated in Milwaukee, Wisconsin this 8th day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:19-cv-01565-PP   Filed 03/08/21   Page 5 of 5   Document 21