UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD SCHARRER,

    Plaintiff,

v.                                                                Case No. 19-cv-1565-pp

C.R. BARD, INC.,
and BARD PERIPHERAL VASCULAR, INC.,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 23) AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

**I.    Background**

On May 31, 2019, the plaintiff filed a complaint in the District of Arizona alleging multiple counts of strict products liability, negligence, breaches of express and implied warranties, fraudulent misrepresentation and fraudulent concealment. Dkt. No. 1 at 2-3. On October 25, 2019, the case was transferred from the District of Arizona to this district. Dkt. No. 4. On June 23, 2021 the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c) (E.D. Wis.) for failure to diligently prosecute the case. Dkt. No. 23.

The plaintiff has not participated in his case since September 21, 2020, when defendant Bard received his allegedly unverified and incomplete responses to Bard's discovery demands. Dkt. No. 16 at 2. On December 21, 2020, the defendants filed a motion asking the court to compel the plaintiff to

1

produce additional records in supplement to his disclosures and to respond to the defendants' first set of interrogatories and first requests for production. Id. at 1-2. On December 28, 2020, the plaintiff's counsel filed a response agreeing that the responses needed to be supplemented but reporting that they had lost contact with the plaintiff. Dkt. No. 17 at ¶2. On January 20, 2021, the court granted the motion to compel and ordered the plaintiff to provide the defendants with the discovery by the end of day February 19, 2021. Dkt. No. 18 at 2.

On February 9, 2020, the plaintiff's counsel moved to withdraw. Dkt. No. 19. They reported that they had terminated their attorney-client relationship with the plaintiff, that he had not been responding to their attempts to reach him by phone and by mail and that he had not provided them with the information they needed to respond to the defendants' discovery demands. Id. at 2. On March 8, 2021, the court granted the motion to withdraw. Dkt. No. 21. The court also extended the remaining deadlines in the July 2020 scheduling order by ninety days and ordered that by the end of the day on May 28, 2021, the plaintiff must either notify the court of the identity of his new counsel or notify the court that he planned to represent himself. Id. at 4-5. The court warned the plaintiff that if he did not do either of those things by day's end on May 28, 2021, the defendant could take whatever action it deemed appropriate, including filing a motion under Fed. R. Civ. P. 41(b) or Civil L.R. 41. Id. at 5.

The plaintiff did not respond to the court's order by the May 28, 2021 deadline; as of the date of this order, the plaintiff has not responded. On June

23, 2021, the defendants filed a motion to dismiss for failure to diligently prosecute. Dkt. No. 23.

## II. Motion to Dismiss Under Fed. R. Civ. P. 41(b) and Civil L.R. 41(c)

Fed. R. Civ. P. 41(b) says that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or claim against it . . . [and] a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Adjudication on the merits is another way of saying that the case is dismissed with prejudice, meaning that the plaintiff may not refile it in the future. Meyer v. Knoedler, No. 20-cv-432-pp, 2020 WL 3833425, at *2 (E.D. Wis. July 8, 2020). Under Civil L.R. 41(c) the court may dismiss a case "[w]henever it appears to the court that the plaintiff is not diligently prosecuting the action," with exceptions that are not applicable here.

The plaintiff has not participated in his case in over nine months. He did not communicate with his attorneys to supplement his discovery responses and did not respond to the court's March 8, 2021 order. The plaintiff has had opportunities to communicate with his lawyers and with this court, but has not done so. The court will grant the defendants' motion to dismiss under Fed. R. Civ. P. 41(b) and Civil L.R. 41(c). The court will dismiss the plaintiff's complaint with prejudice, meaning that the plaintiff may not bring the claims raised in this case in any future complaint filed in this court or any other federal court.

## III. Conclusion

The court **GRANTS** the defendants' motion to dismiss. Dkt. No. 23.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of July, 2021.

                **BY THE COURT:**

                **HON. PAMELA PEPPER**
                **Chief United States District Judge**